**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| BENJAMIN SHELTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:26cv00213 |
| | § | |
| LINCOLN FINANCIAL GROUP, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(a), Defendant Lincoln Financial Group[1] ("Lincoln") hereby removes the Complaint filed by Plaintiff Benjamin Shelton ("Plaintiff") in the Fourth Judicial Circuit Court of Effingham County, Illinois as follows:

## FACTUAL BACKGROUND

On December 23, 2025, Plaintiff filed a Complaint in an action entitled *Benjamin Shelton v. Lincoln Financial Group,* in the Fourth Judicial Circuit Court of Effingham County, Illinois; Case No. 2025LA59 (the "State Action"). True and correct copies of all process, pleadings, and orders served upon Defendant in the State Action are attached hereto as Exhibit A. Lincoln was served with a copy of the Summons and Complaint in the State Action on January 26, 2026, and this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). Plaintiff requested a jury in the state court action. Defendant denies that trial by jury is available under ERISA. Defendant has not served any answer or responsive pleading to the Complaint, nor made any appearance or argument before the State Court.

---

[1] The correct name of the Defendant in this action is The Lincoln National Life Insurance Company. There is no entity named "Lincoln Financial Group" as that is the marketing name for Lincoln National Corporation and its affiliates. The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston, and Lincoln Life Assurance Company of Boston (f/k/a Liberty Life Assurance Company of Boston) was the issuer of the relevant disability policy. However, Lincoln Life Assurance Company of Boston has now merged with, and is now known as, The Lincoln National Life Insurance Company. Accordingly, "The Lincoln National Life Insurance Company" is the correct name of the Defendant in this action.

## GROUNDS FOR REMOVAL

This action is removed to this Court pursuant to 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

By the State Action, Plaintiff asserts claims for benefits allegedly due under a group long term disability insurance policy ("Policy")[2] issued by Lincoln to Quad/Graphics, Inc. ("Quad"). Lincoln issued the Policy pursuant to the Quad/Graphics, Inc. Long Term Disability (the "Plan"), which provides certain benefits to employees of Quad. In his Complaint, Plaintiff specifically makes numerous references to the Policy and states that the Policy is attached as an exhibit thereto.[3] However, only a copy of a portion of the Policy was attached to Plaintiff's Complaint. Accordingly, a true and correct copy of the entire Policy is provided as Exhibit "B" hereto. This disability plan is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act, as ("ERISA"). The benefits sought by Plaintiff in the State Action are sought from this ERISA plan.[4] Therefore, this plan and an action for benefits under the plan is governed by ERISA. The Court's analysis of Plaintiff's

[2] Complaint, at ¶¶ 1, 4, 11, 16, and the WHEREFORE paragraph of the Complaint.
[3] Complaint at ¶¶ 1, 3, 12, 15, 16, and the WHEREFORE paragraph; see also Exhibit A of the Complaint.
[4] See Page 1 of the Policy, attached as Exhibit A to the Complaint.

causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiff's causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B). *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

As alternative grounds for removal, Defendant asserts that there is complete diversity of citizenship and the amount in controversy is more than $75,000, rendering this action under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1332. Specifically, Lincoln is incorporated in Indiana with its principal place of business in Radnor, Pennsylvania. Plaintiff is a resident of the State of Illinois and seeks an amount in excess of $75,000 by his Complaint. Accordingly, there is complete diversity of citizenship between Plaintiff (Illinois) and Lincoln (Indiana/Pennsylvania).

Concurrent with the filing of this Notice of Removal, Defendant has filed a Notice of Filing of Notice of Removal with the Court in the State Action.

Respectfully submitted,

/s/ Iwana Rademaekers

Iwana Rademaekers, Esq.
Texas Bar No. 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Illinois, using the electronic case filing system of the court.

I further certify that a true and correct copy of the foregoing was served on all other parties by forwarding a copy via electronic mail to the following counsel of record:

Christopher A. Koester
Email: koester@taylor.net

February 25, 2025 — Date

/s/ Iwana Rademaekers
Iwana Rademaekers