**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| BENJAMIN SHELTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:26cv00213 |
| | § | |
| LINCOLN FINANCIAL GROUP, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT**

Pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, Defendant, The Lincoln National Life Insurance Company (incorrectly named in the Complaint as Lincoln Financial Group)[1] ("Lincoln"), files this Motion to Dismiss Plaintiff's Complaint and Brief in Support.

## I. GROUNDS FOR MOTION AND STATEMENT OF THE ISSUE

Lincoln seeks dismissal of Plaintiff's Complaint (Doc. 1-1) (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. Specifically, Plaintiff asserts state law causes of action of breach of contract and bad faith handling of his claim under 215e ILCS 155.[2] However, these causes of action are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq.,

---

[1] The correct name of the Defendant in this action is The Lincoln National Life Insurance Company. There is no entity named "Lincoln Financial Group" as that is the marketing name for Lincoln National Corporation and its affiliates. The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston, and Lincoln Life Assurance Company of Boston (f/k/a Liberty Life Assurance Company of Boston) was the issuer of the relevant disability policy. However, Lincoln Life Assurance Company of Boston has now merged with, and is now known as, The Lincoln National Life Insurance Company. Accordingly, "The Lincoln National Life Insurance Company" is the correct name of the Defendant in this action.

[2] *See* Complaint at ¶ 17 and the WHEREFORE paragraph.

as amended ("ERISA"). Additionally, Plaintiff seeks an award of compensatory damages,[3] which is not available under ERISA and should be struck and/or dismissed. Accordingly, the allegations pled in the Complaint in support of Plaintiff's claims, even if taken as true,[4] are insufficient to support the relief requested by Plaintiff. Finally, Plaintiff also appears to seek a trial by jury,[5] which is not available under ERISA, and the jury demand should be struck. However, Lincoln does not oppose the Court allowing Plaintiff to file an amended complaint that contains a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B) and removes the state law causes of action, request for compensatory damages, and jury demand.

## II.
## ARGUMENT AND AUTHORITIES

### A. THE STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted.[6] A court should dismiss a claim if it finds that the facts pled do not support a claim for relief, even assuming the allegations as pled are true.[7] Furthermore, in order to avoid dismissal, a party must plead sufficient information to outline the basis of its claim.[8] As demonstrated below, the Complaint fails to meet these requirements and must be dismissed in its entirety.

In his Complaint, Plaintiff specifically makes numerous references to the Policy and states that the Policy is attached as an exhibit thereto.[9] However, only a copy of <u>a portion</u> of the Policy was attached to Plaintiff's Complaint. Accordingly, a true and correct copy of Group

---

3 *See* Complaint, WHEREFORE Paragraph.

4 For the purposes of the Motion to Dismiss, the Court must assume the facts alleged by Plaintiff in the Complaint to be true. However, Defendant does not admit the truthfulness or accuracy of any factual allegation contained in the Complaint by filing this Motion and Brief or by any statement contained therein.

5 *See* the Caption of the Complaint.

6 Fed. R. Civ. P. 12(b)(6).

7 "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

8 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

9 Complaint at ¶¶ 1, 3, 12, 15, 16, and the WHEREFORE paragraph; see also Exhibit A of the Complaint.

Disability Income Policy No. GF3-840-444752-01 issued by Lincoln to Plaintiff's employer, Quad/Graphics, Inc. ("Quad") is attached hereto as Exhibit A. Additionally, a copy of the Summary Plan Description ("SPD") for the disability benefit plan at issue is attached hereto as Exhibit B. Although Plaintiff did not attach a full copy of the Policy or the SPD to the Complaint, he did attach a portion of the Policy to his Complaint and numerous references are made in the Complaint to the Policy issued by Defendant.[10] Additionally, Plaintiff's claims are clearly predicated on the Policy and SPD allegedly issued by Defendant. It is well-established that under such circumstances, Lincoln may attach the Policy and SPD to the Motion to Dismiss and the Court may properly consider it in ruling on the Motion to Dismiss without conversion to summary judgment under Rule 56. *Hecker v. Deere & Co.,* 556 F.3d 575, 582 (7th Cir. 2009) (proper for district court to consider ERISA plan documents that are "central to" plaintiff's claims without converting to a motion for summary judgment); *Tierney v. Vahle*, 304 F.3d 734, 738-39 (7th Cir. 2002).

### B. PLAINTIFF'S STATE LAW CAUSES OF ACTION ARE PREEMPTED BY ERISA

As this Court is aware, the preemptive force of ERISA is so powerful that the Supreme Court has specifically held that it completely displaces any state law cause of action. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987). "ERISA . . . may contain the broadest preemption clause of any federal statute and completely occupies the field of employees' health and welfare benefits . . . ." *Hartland Lakeside Joint No. 3 Sch. Dist. v. WEA Ins. Corp.*, 756 F.3d 1032, 1035 (7th Cir. 2014). This presumption of federal law applies even if ERISA provides no remedy for the claim sued upon. *Pohl v. Nat'l Benefits Consultants, Inc.*, 956 F.2d 126, 128 (7th Cir. 1992); *Olsen v. General Dynamics Corp.*, 960 F.2d 1418, 1423 (9th Cir. 1991); *Cannon v. Group Health Serv. of Okla., Inc.*, 77 F.3d 1270, 1274 (10th Cir. 1996).

---

[10] Complaint at ¶¶ 1, 3, 12, 15, 16, and the WHEREFORE paragraph; see also Exhibit A of the Complaint.

ERISA preempts all state law claims that "relate to" an ERISA plan regardless of how such claims are pled. *FMC Corp. v. Holiday*, 49 U.S. 52, 58 (1990). A state law claim is completely preempted if 1) "an individual, at some point in time, could have brought his claim under" ERISA (29 U.S.C. § 1132(a)(1)(B); and (2) "where there is no other independent legal duty that is implicated by a defendant's actions." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

It is evident from the Plaintiff's Complaint and from the Policy and SPD that the disability plan at issue is an ERISA plan and that Plaintiff is seeking benefits from that plan under the Policy.[11] Further, the only conduct of Lincoln about which Plaintiff complains in the Complaint is Lincoln's denial of Plaintiff's disability benefits under the plan and the administration of his claim for benefits under the plan.[12] Therefore, it is clear that the Court must refer to the policy issued to Plaintiff's employer and the relevant plan documents in assessing Plaintiff's state law causes of action. Thus, Plaintiff's causes of action directly "relate to" the disability plan and are preempted.

Indeed, both the Supreme Court and the Seventh Circuit have held that ERISA preempts the state law causes of action asserted by Plaintiff. *See*, *e.g., Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987) (breach of contract and fraud causes of action preempted in disability benefits context); *Di Joseph v. Std. Ins. Co.*, 776 F. App'x 343, 347 (7th Cir. 2019) (finding ERISA preempted state law claims of bad faith, promissory estoppel, equitable estoppel, breach of fiduciary duty, common law fraud, unjust enrichment, and negligence as the "underlying theory for all of these claims is that defendants improperly denied [plaintiff] her long-term disability benefits, which are governed by ERISA.")

---

[11] *See* Complaint at ¶ 1 and Exhibit A thereto; Plan Documents, Exhibits "A" and "B" hereto; Plaintiff's allegations in the Complaint and the Policy clearly establish that the disability benefits sought by Plaintiff are sought from a benefit plan "established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, . . ." 29 U.S.C. § 1002(1).

[12] *See* Complaint at ¶¶ 4, 11, 14, and 16-17.

Additionally, as reflected by the Complaint, Plaintiff's state law causes of action are in the nature of a complaint "asserting improper processing of a claim for benefits under an ERISA-regulated plan" and this cause of action is clearly preempted by ERISA. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. at 55-56 ("all suits brought by beneficiaries asserting improper processing of claims under ERISA-regulated plans [will] be treated as federal questions governed by [ERISA's civil enforcement mechanisms].") ERISA regulates employee benefit plans that "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death." *Pilot Life Ins. Co.,* 481 U.S. at 44. Accordingly, all of Plaintiff's state law causes of action in the Complaint are clearly preempted by ERISA, and this Motion to Dismiss should be granted.

### C. <u>COMPENSATORY, STATUTORY EXEMPLARY, AND PENALTY DAMAGES ARE NOT AVAILABLE IN THIS ACTION</u>

It is black-letter law that Congress did not provide for statutory or punitive damages under ERISA. *Mertens v. Hewitt Associates*, 508 U.S. 248 (1993); *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985). As these cases establish, Plaintiff is not entitled to any form of compensatory, statutory, exemplary, penalty or other extra-contractual monetary relief over and above the recovery of any benefits that may be due under her ERISA-controlled plan. Accordingly, should the Court not dismiss Plaintiff's claims in their entirety, the Court should strike Plaintiff's demand for such relief, with prejudice.

### D. <u>THE JURY TRIAL SOUGHT BY PLAINTIFF IS NOT AVAILABLE IN THIS ACTION</u>

As stated above, all of Plaintiff's state law causes of action against Lincoln must be dismissed and repled under ERISA 29 U.S.C. § 1132(a)(1)(B). Additionally, a trial by jury is not available under ERISA. *McDougall v. Pioneer Ranch Ltd. P'ship,* 494 F.3d 571, 576 (7th Cir. 2007). Accordingly, Plaintiff's demand for a jury in this action should be stricken by the Court.

## III.
## CONCLUSION

Lincoln requests the Court dismiss Plaintiff's Complaint against it with prejudice, dismiss Plaintiff's request for statutory and punitive damages, award Lincoln its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and grant Lincoln any other relief to which it shows itself justly entitled. Should the Court not dismiss Plaintiff's claims against Lincoln in their entirety, Lincoln requests the Court dismiss with prejudice and/or strike Plaintiff's request for a jury trial, award Lincoln its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and grant Lincoln any other relief to which it shows itself justly entitled. Or alternatively, Lincoln requests the Court enter an order allowing Plaintiff 14 days to file an amended complaint alleging a claim under ERISA and deleting the prayers for statutory and punitive damages and the request for a jury trial.

Dated this 4th day of March 2026.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
PH: (214) 579-9319
FX: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Illinois, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Christopher A. Koester
Email: koester@taylor.net

| | |
|---|---|
| March 4, 2026 | /s/ Iwana Rademaekers |
| Date | Iwana Rademaekers |