IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BENJAMIN SHELTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:26-cv-213-DWD** |
| | ) | |
| **LINCOLN FINANCIAL GROUP,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# AUTOMATIC MEDIATION REFERRAL ORDER

**DUGAN, District Judge:**

The above captioned action has been identified as a Non-Exempt Civil Case subject to automatic referral into the Court's Mediation Program.[1] Counsel are **DIRECTED** to review the Court's Mediation Plan prior to the Rule 16 conference, which is available at: https://www.ilsd.uscourts.gov/mediation-program

**Please note the following:**

- Prior to the Rule 16 scheduling conference, counsel shall confer about the Mediation Program as part of their discussion of "the possibilities for promptly settling or resolving the case" pursuant to Fed. R. Civ. P. 26(f). The parties shall attempt to agree upon a mediator and, at the scheduling conference, shall be prepared to report on the outcome of their discussion pursuant to Rule 16.

- Unless otherwise ordered, the following mediation deadlines shall apply:

    - The parties shall have **28 days** from the Rule 16 Conference in which to select a mediator and file a stipulation with the Court regarding their selection.

    - The **requisite two-hour mediation session** shall be completed no later than **30 days** before the discovery cut-off date.

[1] In the Southern District of Illinois, all civil actions shall be automatically referred into the Court's Mediation Program except those cases that have been designated as exempt pursuant to § 2.1(B) of the Mediation Plan.

- The **mediation proceedings,** including additional mediation sessions, if any, are strongly encouraged to be completed no later than **15 days** after the discovery cut-off date.

**IT IS SO ORDERED.**

**DATED: 4/20/2026**

*s/ David W. Dugan*
**DAVID W. DUGAN**
**United States District Judge**